```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

CLEAN AIR CAR SERVICE & PARKING
BRANCH THREE, LLC, CLEAN AIR CAR
SERVICE & PARKING CORP., OPERR
TECHNOLOGIES INC., OPERR SERVICE
BUREAU INC., and KEVIN S. WANG,                MEMORANDUM & ORDER
                                               24-CV-4308(EK)
                Appellants,

           -against-

CLEAN AIR CAR SERVICE & PARKING,
BRANCH TWO LLC,

                Appellee.

-------------------------------------x

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------x

In re:
                                               Chapter 11
CLEAN AIR CAR SERVICE & PARKING                Case No.: 23-41937
BRANCH TWO, LLC AND OPERR PLAZA, LLC           (Jointly Administered)

                Debtors.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Clean Air Car Service & Parking Branch Three, LLC, Clean Air Car Service & Parking Corp., Operr Technologies Inc., Operr Service Bureau Inc., and Kevin S. Wang ("Appellants") appeal a decision in the underlying bankruptcy of Clean Air Car Service & Parking Branch Two LLC ("Appellee"). Appellants

challenge a June 2024 order by the bankruptcy judge approving Appellee's retention of a real estate broker.  ECF No. 1, at 5, 7.  Appellee argues the appeal is equitably moot because the underlying reorganization has been substantially consummated.  For the reasons stated below, the Court agrees.

## I. Background

This is not Appellants' first trip to this Court.  A recitation of Appellants' asserted interest in the underlying bankruptcy appears in this Court's prior order.  *See Clean Air Car Serv. & Parking Branch Three, LLC v. Clean Air Car Serv. & Parking Branch Two LLC*, No. 23-CV-8017, 2024 WL 440695, at *1-2 (E.D.N.Y. Jan. 25, 2024).

## II. Discussion

"A bankruptcy appeal is presumed equitably moot when the debtor's reorganization plan has been substantially consummated."  *In re BGI, Inc.*, 772 F.3d 102, 108 (2d Cir. 2014).  The Bankruptcy Code defines "substantial consummation" to require "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and finally (C) commencement of distribution under the plan."  *Id.* (quoting 11 U.S.C. § 1101(2)).

Appellee's reorganization plan has been substantially consummated. The plan became effective on May 22, 2024. *Clean Air Car Serv. & Parking Branch Three, LLC v. Clean Air Car Serv. & Parking Branch Two, LLC*, No. 24-CV-5444, 2024 WL 4118982, at *2 (E.D.N.Y. Sept. 9, 2024). Since then, Appellee has appointed a wind-down officer to administer the estate, transferred all accounts to that officer, and "made distributions to all holders of secured claims." *Id.* Thus, the presumption of equitable mootness applies. *Id.*

Though the presumption of equitable mootness can be overcome in certain circumstances, *In re BGI, Inc.*, 772 F.3d at 108, Appellants have not argued (let alone established) that those circumstances exist here. *See Palin v. N.Y. Times Co.*, 113 F.4th 245, 274 (2d Cir. 2024) ("[A]rguments not raised on appeal are generally deemed forfeited."). In the careful "balance [of] the importance of finality in bankruptcy proceedings against the appellant's right to review and relief," *In re Charter Commc'ns. Inc.*, 691 F.3d 476, 481 (2d Cir. 2012), the interests of finality carry the day here.

*     *     *

Appellants are reminded that, after they filed the instant appeal, Judge Merchant enjoined them from filing any further appeals in this bankruptcy proceeding "without first obtaining leave of the court in which [they] seek to file the

3

appeal." *Clean Air Car Serv. & Parking Branch Three, LLC*, 2024 WL 4118982, at *3.  That injunction remains in effect.

### III. Conclusion

For the foregoing reasons, this appeal is equitably moot.  The Clerk of Court is respectfully directed to dismiss this appeal.

SO ORDERED.

                                                                                                                    /s/ Eric Komitee  
                                          ERIC KOMITEE  
                                          United States District Judge

Dated:    April 22, 2025  
          Brooklyn, New York